**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------------------X
CLASSIE M. DORSEY,
        Plaintiff
                                                          C.V. No. _____
        v.

DETECTIVE VINCENT F. GANNON,
Individually and in his Official Capacity              (Jury Trial of all issues
as a Police Officer                                         demanded)
              &
POLICE COMMISSIONER JAMES P. O'NEILL,
              &
CITY OF NEW YORK,
        Defendants
-------------------------------------------------------------------------------X
```

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which the Plaintiff, Classie M. Dorsey, seeks relief from the Defendants, Detective Vincent F. Gannon, Police Commissioner James P. O'Neill and City of New York, for false arrest, false imprisonment, malicious prosecution, and the violation of the constitutional guarantee of equal protection, rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and rights secured by the Fourth and Fourteenth Amendents to the constitution of the United States and secured under the common law and trhe constitution of the State of New York, as well as the tort claims of negligence and intentional infliction of emotional distress, all arising out of her arrest for the disproven bogus allegations that she issued forged checks to two separate TD Bank branches in Queens and Long Island New York.

2. The Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, and award of costs, interests and attorney's fees, and such other further relief as this Court deems just and equitable.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of the Complaint under 42 U.S.C. Section 1983 and 1988m and 28 U.S.C. Section 1331, 1343(a)(3), 1343(a)(4) and 1367(a).

## PARTIES

4. The Plaintiff, Classie Dorsey, is and was at all times relevant to this Complaint, a a citizen of the United States and a resident of the City of Chester, Pennsylvania, County of Delaware.

5. That upon information and belief the Defendant, Detective Vincent F. Gannon, was at all times relevant herein duly appointed and acting as an officer, servant, employee and agent of the New York City Police Department a municipal agency of the Defendant City of New York and was acting pursuant to either official policy, or the custom practice and usage of the New York City Police Department, he is being sued individually and in his official capacity.

6. The Defendant, Police Commissioner James P. O'Neill, is and was at all times relevant herein duly appointed and acting as an officer, servant, employee and agent of the New York City Police Department a municipal agency of the the Defendant, CIty of New York and was the framer and architect of either official policy, or the custom practice and usage of the New York City Police Department, he is being sued individually and in his official capacity.

7. Defendant City of New York is and was at all times relevant herein a municipal entity created and organized under and by virtue of the laws of the State of New York which maintains a police department which employed defendant Detective Vincent F. Gannon and Police Commissioner James P. O'Neill.

8. Defendant City of New York is under a duty and responsibility to run its policing activities in a lawful manner so as to preserve for its citizens the rights, privileges and immunities guaranteed and secured to them by the Constitution and laws of the United States, and the Commonwealth of Pennsylvania.

9. Defendant City of New York delegated to the Defendant, Police Commissioner James P. O'Neill, the responsibility for establishing the implementation of policies, the practices, procedures, or customs used by law enforcement officers employed by the New York City Police Department, including Defendant, Detective Vincent F. Gannon, regarding the determination of probable cause for arrest, the issuance of criminal complaints and the initiation of criminal prosecutions.

10. Each and all of the acts of the individual Defendants involved in this incident performed under the color and pretense of the Constitution, statutes, ordinances, regulations, customs and uses of the United States of America, State of New York, and New York, New York, were under the color of law and by virtue of their authority as law enforcement officers and prosecutors, and the course and scope of their employment with the New York City Police Department.

**FACTUAL ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs one through ten.

12. On May 14, 2018, the Defendant, Vincent F. Gannon, notified the Federal Probation Officer of the Plaintiff, Classie M. Dorsey, that he had photographs of the Plaintiff Dorsey entering two TD Banks, one in Queens, New York, the other in Long Island, New York, where she allegedly fraudulently cashed two forged $4,000.00 checks.

13. On May 28, 2018, Plaintiff obtained permission from her probation officer to leave the state of Pennsylvania and travel to Queens, New York to meet with Detective Gannon.

14. The following day, May 29, 2018 Plaintiff met with Defendant Gannon.

15. Defendant Gannon showed Plaintiff the photographs of the woman, who wrote the fraudulent checks at the TD Banks.

16. After reviewing the photographs, Plaintiff emphatically denied that she was the woman depicted, and claimed that she had never been to either TD Bank, did not know the woman in the photograph and that she would be able to prove that coincident with the date and time of the check kiting incident, she was in Chester, Pennsylvania.

17. Despite Plaintiff's protestation of innocence and clear fact that she did not resemble the woman presented depicted in the photographs, that were shown by Detective Gannon, in any way, the Defendant Detective Vincent F. Gannon placed Plaintiff under arrest for four counts each of possession of forged instuments second degree, (New York Penal Law sec. 170.25); two counts each of criminal impersonation of another person, an a misdemeanor (New York Penal Law sec. 190.25); one count each of identity theft first degree, (New York Penal Law section 190.80); identity theft second degree, (New York Penal Law section 190.79); grand

larceny fourth degree, (New York Penal Law sec. 155.30); and attempted grand larceny, an a misdemeanor (New york Penal Law sec. 110-155.35).

18. The Defendant Vincent F. Gannon arrested and charged the Plaintiff with the aforesaid crimes knowing that he lacked sufficient evidence or reason to believe that Plaintiff was the person who uttered the forged checks to the TD Bank branches in question.   Defendant Gannon clearly full well knew or had reason to know that Plaintiff was wholly innocent of the alleged criminal conduct, when she drove from Pennsylvania to face her accuser and was clearly not the person depicted in the photographs, thatallegedly showed the perpetrator of the fraudulent check kiting scheme.

19. That as a result of the foregoing false allegations the Plaintiff was held in custody for over two days at Rikers Island prison on said false charges until she was bailed out and realeased on 12:30 pm, May 31, 2018.

20. That the charges were eventually dismissed on September 10, 2019 after Plaintiff successfully completed a polygraph.

## Count I

### (Civil Rights Action (42 U.S.C. Section 1983) False Arrest against Defendant Detective Vincent F. Gannon

21. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-20.

22. Plaintiff had a firmly established right under the Fourth Amendment to be free from arrest without probable cause.

23.   That the aforesaid arrest and imprisonment of Plaintiff by Defendant Gannon in his capacity as a detective employed by the Defendant City Of New York acting

under color of state law, was effectuated without any reasonable or probable cause or belief that the Plaintiff was in fact guilty of the crimes for which she was charged or without any authority of law.

24. That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned the Plaintiff and intentionally subjected Plaintff to confinement of which Plaintiff was conscious, and said confinement was not otherwise privileged or consented to by Plaintiff.

25. That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants or employees, the plaintiff was wrongfully deprived of her rights, privileges and benefits as provided to him under the constitutions of the United States of America and the State of New York, was subjected to great discomfort, suffering, indignities, ridiculue, scorn, loss of freedom, huniliation, mental and emotional distress, was prevented from attending her usual activities, and was caused to incur monetary expenses.

26. Defendant Gannon engaged in the illegal conduct to the injury of the Plaintiff and deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendant Detective Gannon acted with callous disregard for the constitutionally protected rights of Plaintiff.

27. Plaintiff was subjected to humiliation, fear and pain and suffering by the illegal act of Defendant Gannon and suffered injuries as a result of Defendant Frum's actions.

28. Defendant Gannon is not entitled to qualified immunity.

29. That the Defendants committed the foregoing acts willfully and within malicious disregard for Palintiff's rights and Plaintiff is therefore entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. Section 1988, and all applicable law, and such additional relief as the Court deems just.

### Count II

**[Civil Rights Action (42 U.S.C. Section 1983 False Imprisonment against Defendant Detective Vincent F. Gannon**

30. Plaintiff re-alleges and incorporates by reference allegations contained in paragraphs 1-29.

31. Defendant Detective Gannon unlawfully detained Plaintiff for an unreasonable period of time after he knew or should have known that Plaintiff had committed no crimes.

32. Defendant Detective Gannon was at this time performing his duty as a police office for Defendant City of New York.

33. During the relevant time Defendant Detective Gannon was acting under color of law and the pretense of law, under the under the color of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York.

34. Defendant Detective Gannon engaged in the illegal conduct to the injury of Plaintiff and deprived her of the rights, privileges and immunities secured to her by the Fourth Amendment to the United States Constitution and the laws of the United States.   Defendant Detective Gannon acted with callous disregard of the constitutional rights of Plaintiff.

35. Plaintiff was subjected to humiliation and fear by the illegal act of Defendant Detective Gannon and suffered emotional injury as a result of Defendant Detective Gannon's actions.

36. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

37. Defendant Detective Vincent F. Gannon is not entitled to qualified immunity.

38. The conduct of Defendant Detective Gannon amounts to oppression and punitive damages should be assessed against Defendant Detective Gannon, for the purpose of punishment and for the sake of example.

39. As a result of Defendant Detective Gannon's actions, Plaintiff suffered damages in the amount to be proven at trial.

### Count III

**(Civil Rights Action (42 U.S.C. Section 1983) Malicious Prosecution against Defendant Detective Vincent F. Gannon**

40. Plaintiff re-alleges and incorporates by reference allegation contained in paragraphs 1-39.

41. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state of territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . . .

42. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

43. Defendant Detective Vincetn F. Gannon at all times relevant hereto, was acting under the color of state law in his capacity as a New York City police officer and his acts or omissions were conducted within the scope of his official duties or employment.

44. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

45. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

46. Defendant Detective Vincent F. Gannon violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when he secured false charges against Plaintiff, resulting in his unlawful confinement and prosecution.

47. Defendant Detective Gannon intentionally and maliciously instituted a criminal proceeding for possession of forged instruments, identity theft, grand larceny, and lesser included offenses against Plaintiff without probable cause.

48. Defendant Detective Gannon engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

49. The procurement of prosecution against Plaintiff for the false allegation that she uttered forged checks to TD Bank branches in Queens and Long Island, New

York, was malicious, shocking, and objectively unreasonable in the light of the circumstances.

50. The criminal case against Plaintiff was dismissed, resulted in the termination of the charges in her favor, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

51. The acts or omissions of Defendant Detective Gannon was the moving force behind Plaintiff's injuries.

52. The acts or omissions of Defendant Detective Gannon described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused him other damages.

53. Defendant Detective Gannon is not entitled to qualified immunity for the complained of conduct.

54. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendant Detective Gannon, and suffered injuries as a result of Defendant Gannon's actions.

55. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. Section 1988, and all applicable law, and such additional relief as the Court deems just.

## COUNT IV

**(Civil Rights Action (42 U.S.C. Section 1983) Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. Section 1981 againt Defendant Detective Vincent F. Gannon**

56. Plaintiff re-alleges and incorporates by reference allegations contained in paragraphs 1-55.

57. **42 U.S.C. Section 1983** provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . . .

58. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

59. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as City of New York police officers and their acts or omissions were conducted within the scope of their official duties or employment.

60. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

61. Title 42 U.S.C. Section 1981 ("Section 1981") provides in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws, and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, and licenses, and exactions of every kind, and to no other.

62. Plaintiff, as an African-American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. Section 1981 to be free from racially motivated arrests, searches and filing of false charges.

63. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

64. Plaintiff's race was a motivating factor in the decision of Defendants to detain her without reasonable suspicion, arrest her without probable cause and maliciously prosecute her with false charges, where she was detained arrested merely because she was an African-American woman and the alleged issuer of the forged checks was an African-American woman depicted in photographs at the banks in question, even though any objective observer would have been able to discern that Plaintiff was not the woman shown in the photographs.

65. Similarly situated white Defendants would not have been treated in such an arbitrary and pernicious fashion.

66. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal priviliges and immunities under the law, and due process in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1981.

67. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

68. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

69. These individual Defendants acted in concert and joint action with each other.

70. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

71. Defendants are not entitled to qualified immunity for the complained of conduct.

72. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

73. As a proximate result of Defendants' unlawful conduct Plaintiff has suffered emotional injuries and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

74. On information and belief, Plaintiff may suffer lost future earnings as a result of the public stigma flowing from such a high profile publicized case. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as alllowable by federal law.

75. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. Section 1983, in that the actions of Detective Vincent F. Gannon have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT V

**(Civil Rights Action (42 U.S.C. Section 1983) - Deliberately Indifferent Policies, Practices, Customs, Training and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 U.S.C. Section 1981 against Defendants, New York Police Commissioner James P. O'Neill and City of New York**

76. Plaintiff re-alleges and incorporates by reference allegations contained paragraphs 1-75.

77. 42 U.S.C. Section 1983 provides that:

> Every person, who under color of any statute ordinance, regulation, custom usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in action at law, suit in equity, or other appropriate proceeding for redress . . . .

78. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. Section 1983.

79. The Defendants to this claim at all times were acting under the color of state law.

80. Plaintiff had the following clearly established rights at the time of the complained of conduct.

   A. The right to be free from false arrest, false imprisonment, and malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

   B. The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. Section 1981.

81. Defendant,Police Commissioner James P. O'Neill, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

82. The acts or omissions of Defendant Commissioner James P. O'Neill, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused him other damages.

83. Defendant, Police Commissioner James P. O'Neill, is not entitled to qualified immunity for the complained of conduct.

84. Defendant, Police Commissioner James P. O'Neill, was at all times relevant the policymaker for Defendant City of New York and in that capacity established policies, procedures, customs, and or practices for the same.

85. Defendants Police Commissioner James P. O'Neill and City of New York developed and maintained policies, procedures, customs, and/or practices exhibiting deliberated indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

86. Defendant Police Commissioner James P. O'Neill and Defendant City of New York created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

87. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need

for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

88. The deliberately indifferent training and supervision provided by Defendant Police Commissioner James P. O'Neill and Defendant City of New York resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the aforementioned Defendants and were the moving forces in the constitutional and federal violations and injuries complained of by Plaintiff.

89. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered emotional injury and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

90. On information and belief, Plaintiff may suffer lost future earnings and impaired earning capacities from the public stigma accruing from such a high profile publicized case, in amounts to be ascertained at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

91. Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. Section 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## COUNT VI

**Negligence against Defendants Detective Vincent F. Gannon,
Police Commissioner James P. O'Neill, and City of New York**

92.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-91.

93.     Defendants, by their aforementioned acts negligently failed to use due care in the perfomance of their duties in that they among other negligent acts:

(a)     Failed to perform his duties as a reasonably prudent and careful police officer or detective would have done under the circumstances, including, but not limited to conducting a proper and thorough investigation, conducting an improper and unlawful detention, seizure, and arrest, and other acts which a detective of ordinary prudence would not have done.

(b)  Hired and retained incompetent and unfit police officers.

(c)  Failed to exercise care in instructing and training police officers, detectives, officially as to their conduct including failing to give proper and adequate instructions as to when citizens may be datained and taken into custody, as to the submission of accurate of criminal charges, as to the consequence of bringing false charges, and as to the obligation of police officers to intervene to protect citizens deprived of constitutional rights by other police officers.

(d) Failed to establish meaningful procedures for disciplinary officers and other personnel who have engaged in wrongful arrests.

94. All of these acts were performed with any negligence on the part of the Plaintiff and were the proximate cause of the Plaintiff being damaged.

## COUNT VII

**Intentional Infliction of Emotional Distress against
Defendant Detective Vincent F. Gannon**

95. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-94.

2. By engaging in the acts alleged herein, Defendant Vincent F.Gannon engaged in outrageous conduct with an intent to cause or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

3. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

4. The conduct of Defendant Detective Gannon also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    A.    Compensatory damages.

    B.    Punitive Damages.

    C.    Reasonable attorney's fees and costs as to all Defendants in accordance with 42 U.S.C. Section 1988, and the costs and disbursements of this action, and for such other relief as is proper.

Plaintiff hereby demands a jury trial.

            Respectfully submitted:

*E. Dubois Raynor, Jr.*
Earl Dubois Raynor Jr., Esquire
Civil Rights Consortium
547 North Avenue
New Rochelle, New York 10801-2601
(718)576-5205
Fax: (914)663-5116
earlraynor@yahoo.com

*Counsel for Plaintiff*
*Classie M. Dorsey*